704 P.2d 825

The STATE of Arizona, Appellee,

v.

Carl Edward LINTON, Appellant.

No. 2 CA–CR 3711.

Court of Appeals of Arizona,
Division 2, Department B.

June 7, 1985.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Keller & Postero by Peter B. Keller, Tucson, for appellant.

OPINION

HATHAWAY, Presiding Judge.

Appellant, after trial to the court, was convicted of unlawful possession of marijuana for sale. He was sentenced to four years' probation. On appeal he raises two questions for review: (1) Did the court err in denying his motion to suppress the fruits of a warrantless entry into his home and (2) was he denied his right to effective assistance of counsel?

On July 24, 1983, Tucson police received a call from a neighbor of appellant stating that there was a great deal of yelling and pounding going on in appellant's home. They responded and observed that the screen door was torn and the wooden door was open. They could see through the screen a great disarray, including broken furniture, glass and a trail of blood. They knocked and appellant and another man appeared; both were covered with blood, one bleeding from head wounds and the other a lacerated foot. When asked what was going on, the men answered that they had had a fight. The police observed that a trail of blood led from the living room to another room and requested entry to ascertain that there were no other injured persons in the house. They were denied permission and entered anyway. In checking the house, they observed marijuana in a open closet. The officers then obtained a search warrant, on the basis of what they had seen in plain view and continued their search of the premises. Both men were arrested for possession of marijuana for sale, cultivation of marijuana and possession of marijuana. A subsequent indictment charged the two with a single count of possession of marijuana for sale, a class 4 felony.

■ Appellant contends on appeal that the police made a warrantless search and thus the fruits of this search should have been suppressed. Appellee responds that there are two exceptions to the warrant requirement, "exigent circumstances" and

"emergency aid," citing *State v. Fisher,* 141 Ariz. 227, 686 P.2d 750 (1984). The *Fisher* opinion sets forth the elements of "emergency aid" as follows:

" '(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

'(2) The search must be not primarily motivated by intent to arrest and seize evidence.

'(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.' "

141 Ariz. at 237–238, 686 P.2d at 760–761 (quoting *People v. Mitchell,* 39 N.Y.2d 173, 177–178, 347 N.E.2d 607, 609, 383 N.Y.S.2d 246, 248 (1976), *cert. denied,* 426 U.S. 953, 96 S.Ct. 3178, 49 L.Ed.2d 1191 (1976)). In view of the amount of blood, broken furniture and glass in plain view of the police, it was not unreasonable for them to assume that there may have been other persons in the home in need of emergency aid. It would have been unreasonable to take the word of two men who were covered in blood and physically injured that there were no more persons in need of help in the home. The police response was to a disturbance complaint, not to search and seize. The search of the home to find more possible victims was reasonable. The basic elements of *Fisher* with regard to "emergency aid" were met. Moreover, in analyzing the words "exigent circumstances," the *Fisher* court found the "exigent circumstances" exception applies when police have probable cause and reasonably believe that the delay in getting a warrant will result in the loss of evidence or when they believe a crime is being or has just been committed and that delay will endanger the life or safety of a person inside the home. 141 Ariz. at 240, 686 P.2d at 763. In view of the physical injuries of the two men responding to the officers' knock and the blood and damage within plain sight, it was not unreasonable for the officers to believe that a helpless victim might be lying within the house and that a delay to seek a warrant might endanger the safety or life of

that person. *State v. Sainz,* 18 Ariz.App. 358, 501 P.2d 1199 (1972). "Exigent circumstances" according to the *Fisher* court were present. We find no abuse of the trial court's discretion in denying appellant's motion to suppress.

The appellant argues that his right to effective assistance of counsel was denied when his co-defendant pleaded guilty to the charges and thus precluded his attorney, who represented both defendants, from cross-examining the co-defendant, citing *United States v. Alvarez,* 580 F.2d 1251 (5th Cir.1978). Appellee responds that appellant's counsel never had any occasion to cross-examine the co-defendant because the case was submitted to the court on the basis of the suppression hearing testimony and the police reports. Nor was appellant prejudiced at sentencing because appellant's lawyer was able to argue that since both defendants were equally culpable, their sentences should be the same. Both were granted probation. We find appellant had adequate representation at trial and was not prejudiced by counsel's representation of his co-defendant.

Affirmed.

LACAGNINA and LIVERMORE, JJ., concur.